## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PRESBITERIO DEL RIO,   Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 1:99-CR-0110-TWT-1 |
| UNITED STATES OF AMERICA,   Respondent. | :: :: :: | CIVIL ACTION NO. 1:14-CV-2013-TWT-RGV |

### ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Presbiterio Del Rio's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 161], and motion for an extension of time to file a supporting memorandum of law, [Doc. 162]. For the reasons stated herein, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Accordingly, Del Rio's motion for an extension of time, [Doc. 162], is **DENIED** as moot.

## I. PROCEDURAL HISTORY

After a federal jury in the Northern District of Georgia convicted Del Rio of conspiracy to possess with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, the Court sentenced him to life imprisonment. [Docs. 84, 92]. On February 27, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Del Rio's conviction and sentence. United States v. Del Rio, 168 F. App'x 923, 930 (11th Cir. 2006) (per curiam). The United States Supreme Court denied Del Rio's petition for writ of certiorari on October 2, 2006. Del Rio v. United States, 549 U.S. 853 (2006).

On September 24, 2007, Del Rio submitted a pro se § 2255 motion, which he later amended, alleging that he received ineffective assistance of counsel. [Docs. 109, 112]. On January 3, 2008, the Court denied Del Rio's § 2255 motion on the merits. [Doc. 118]. The Court also denied Del Rio's subsequent motion for reconsideration. [Docs. 120, 123].

On August 5, 2011, Del Rio filed a motion pursuant to Federal Rule of Civil Procedure 60(b), seeking a new trial based on newly discovered evidence, namely, his

2

brother's affidavit, which minimized Del Rio's involvement in the cocaine distribution conspiracy. [Doc. 144]. The Court denied Del Rio's motion for lack of subject matter jurisdiction because it was an impermissibly successive § 2255 motion. [Doc. 151].

Del Rio then sought leave from the Eleventh Circuit to file a second or successive § 2255 motion, asserting that: (1) he was actually innocent of his enhanced sentence under 21 U.S.C. § 851, relying on the Eleventh Circuit's holding in United States v. Sanchez, 586 F.3d 918 (11th Cir. 2009); and (2) he was actually innocent of the drug quantity attributed to him at sentencing, relying on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). [Doc. 152 at 2-4]. On November 4, 2013, the Eleventh Circuit denied Del Rio's application for leave to file a second or successive § 2255 motion. [Id. at 4].

Next, in March of 2014, Del Rio filed another Rule 60(b) motion, asking the Court to reopen his original § 2255 motion in order to "make a proper and complete merits determination" regarding his ineffective assistance of counsel claims. [Doc. 153]. The Court denied this motion on June 12, 2014, finding that it was really a successive § 2255 motion and the Court lacked jurisdiction to consider it. [Doc. 157].

According to Del Rio, he currently has a 28 U.S.C. § 2241 petition pending in the Middle District of Florida. [Doc. 161 at 2-3]. In that petition, Del Rio reasserts the

3

Alleyne claim he presented to the Eleventh Circuit in his application for leave to file a successive § 2255 motion and also argues that he "is being illegally detained based upon a conviction/sentence for a non-existent offense." [Id.].

Del Rio submitted the instant motion on June 19, 2014, arguing that (1) his 1990 New York conviction does not qualify as a predicate offense under § 851, in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and (2) he is actually innocent of the statutory mandatory minimum sentence of life imprisonment, also in light of Descamps. [Doc. 161 at 4, 6]. Notably, the Supreme Court issued its decision in Descamps on June 20, 2013, nearly five months before the Eleventh Circuit denied Del Rio's application for leave to file a successive § 2255 motion.

## II. DISCUSSION

As noted above, Del Rio filed a prior § 2255 motion that was denied on the merits. [Docs. 109, 112, 118]. The instant motion is therefore impermissibly successive, and this Court may consider it only if Del Rio has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). Because there is no indication in the record that Del Rio has obtained

4

AO 72A
(Rev.8/82)

such authorization, the instant § 2255 motion is due to be dismissed for lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Del Rio's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, Del Rio's motion for an extension of time, [Doc. 162], is **DENIED** as moot, and **IT IS RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 161], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 2nd day of July, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)